**FILED**

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ILLINOIS

OCT 2 0 2015

CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF ILLINOIS
EAST ST. LOUIS OFFICE

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | |
| | ) | Criminal No. 15-30157-SMY |
| JASON J. PARMELEY, | ) | |
| ANGEL SPEED, | ) | |
| JAMES D. LITCHFIELD, | ) | Title 18, United States Code, Sections 371, |
| SEAN A. SHIELDS, | ) | 1028A, 1343, 1349, 1956(a)(1)(b)(i), 2314, |
| SHANNAN FLORA, | ) | and 2315 |
| ALICE J. HEMBREE, | ) | |
| TONY G. ROBERTSON, | ) | |
| STEVEN J. BELCHER, | ) | |
| JESSIE S. URIAS, | ) | |
| RYAN P. LITCHFIELD, | ) | |
| RIGOBERTO GUTIERREZ, | ) | |
| RUSSELL J. WITT, | ) | |
| BRYCE E. ATKINSON, | ) | |
| NICHOLAS A. BROCKMAN, and | ) | |
| BENEDICT G. PELLERITO | ) | |
| | ) | |
| Defendants. | ) | |

## INDICTMENT

**THE GRAND JURY CHARGES:**

### COUNT 1
#### Conspiracy to Commit Wire Fraud – 18 U.S.C. § 1349

1.      Beginning on or about 2012, through at least September 24, 2015, in Madison, St.

Clair, and Clinton Counties, within the Southern District of Illinois, and elsewhere, the

defendants,

**JASON J. PARMELEY,**
**ANGEL SPEED,**

JAMES D. LITCHFIELD,
SEAN A. SHIELDS,
SHANNAN FLORA,
ALICE J. HEMBREE,
TONY G. ROBERTSON,
STEVEN J. BELCHER,
JESSIE S. URIAS,
RYAN P. LITCHFIELD,
RIGOBERTO GUTIERREZ,
RUSSELL J. WITT,
BRYCE E. ATKINSON,
NICHOLAS A. BROCKMAN, and
BENEDICT G. PELLERITO,

and others both known and unknown to the Grand Jury, did knowingly and willfully combine, conspire, confederate and agree to engage in a scheme and artifice to defraud various retail and rental stores, and to obtain money and property from these entities by means of false and fraudulent pretenses, representations and promises, and for the purpose of executing the scheme, and attempting so to do, to knowingly cause telephone calls, e-mails, text messages, and other signals to be transmitted in interstate and foreign commerce by means of wire and radio communication, in violation of Title 18, United States Code, Section 1343.

2.    Defendant JASON J. PARMELEY devised this scheme to defraud.  PARMELEY directed and managed the scheme from the country of Mexico.

3.    Defendant ANGEL SPEED assisted PARMELEY in the operation of this scheme from Mexico.  SPEED also participated in laundering the profits of this scheme by using a false name to pick up funds that had been wired to Mexico by other co-conspirators.

4.    Through this scheme, the defendants defrauded retail stores, including Home Depot, Lowes, and Menards, and rental stores, including SunBelt Rentals.  The fraud was carried out by falsely submitting orders in the names of unknowing individuals and legitimate businesses.

5.     The retail and rental stores victimized by this scheme were located in various parts of the United States, including Arizona, California, Colorado, Connecticut, Georgia, Illinois, Indiana, Iowa, Michigan, Missouri, Oklahoma, and Virginia.   Some of the victimized stores were located within the Southern District of Illinois.   The legitimate businesses in whose names the orders were fraudulently submitted were also located throughout the United States.

6.     Defendant PARMELEY used the internet to obtain information about individuals and legitimate businesses that had pre-existing credit accounts with the retail and rental stores. The information PARMELEY obtained usually included the account numbers for the businesses' credit accounts with those stores.   In addition, PARMELEY frequently used the internet to learn the names of actual employees of those businesses.

7.     After he obtained the information about the legitimate businesses, defendant PARMELEY called and e-mailed the retail and rental stores and placed orders in the names of legitimate businesses.   When he was placing these orders, PARMELEY frequently identified himself as one of the actual employees of those businesses.

8.     On some occasions, the legitimate businesses whose names defendant PARMELEY used did not have pre-existing credit accounts with the retail and rental stores. When this occurred, PARMELEY submitted false credit applications in the names of those businesses.

9.     Defendant PARMELEY frequently ordered appliances from the retail stores, such as washers, dryers, and refrigerators.   PARMELEY also frequently ordered expensive tools from these stores.   The items PARMELEY ordered from the rental stores frequently consisted of construction equipment, including skid steer loaders.   PARMELEY also ordered computer equipment from the retail and rental stores.

3

10. When he placed the orders, defendant PARMELEY requested either immediate pick up or immediate shipment.

11. Defendant PARMELEY directed that the shipped items be sent to addresses which he controlled, such as storage lockers rented by his co-conspirators, or to locations where co-conspirators were waiting to receive the items.

12. When the items were scheduled for immediate pick up, defendant PARMELEY instructed certain co-conspirators, who acted as drivers, to go to the stores and make the pick ups.

13. Defendant PARMELEY acquired the vehicles that the drivers used to make the pick ups. PARMELEY frequently reserved box trucks at vehicle rental agencies and then instructed the drivers to rent those trucks. On other occasions, PARMELEY instructed the drivers to use pick-up trucks that he had purchased. PARMELEY purchased these pick-up trucks online, paying for them with stolen credit card numbers.

14. Prior to the pick ups of the fraudulently ordered items, defendant PARMELEY gave instructions to the drivers. These instructions included the names and addresses of the stores where the items were located, the names of the businesses that the items had been purchased under, and any specific tasks that the drivers needed to perform in making the individual pick ups.

15. Defendant PARMELEY required the drivers to notify him immediately after they successfully picked up the fraudulently ordered items. After he received these notifications, PARMELEY instructed the drivers on the locations where they were to deliver the items.

16. On some occasions, defendant PARMELEY instructed the drivers to deliver the items directly to individuals who had already agreed to buy them. These sales were arranged

4

either by PARMELEY, through his pre-existing relationships with the buyers, or by other co-conspirators.  These items were sold to the buyers at prices substantially below the retail prices for the items.  The buyers paid cash for the fraudulently obtained items.

17.     Defendant PARMELEY usually permitted the drivers to keep a portion of the cash paid by the buyers as payment for the drivers' services.

18.     On other occasions, defendant PARMELEY instructed the drivers to deliver the items to locations where they could be stored.  These locations included storage lockers that had been rented by co-conspirators and the residences of co-conspirators.

19.     Defendant PARMELEY directed certain co-conspirators to sell the fraudulently obtained items that were stored.  These co-conspirators sold the items to buyers they had located, at pawn shops, or through advertisements on an internet website.  Once again, the items were sold at prices substantially below retail.

20.     Defendant PARMELEY permitted the co-conspirators who made the sales to keep a portion of the sales proceeds as payment for their efforts.

21.     Defendant PARMELEY instructed co-conspirators to send him the profits of all sales of the fraudulently obtained items.  Per his instructions, these profits were sent to PARMELEY in Mexico via international wire transfers.

22.     In order to conceal his participation in the fraud scheme and his ownership of the fraud profits, defendant PARMELEY instructed the co-conspirators to use names other than his own as the recipients of wire transfers.  The names that PARMELEY instructed the co-conspirators to wire funds to in Mexico often include his alias, "Skylar Torres Dominic," and defendant ANGEL SPEED's alias, "Leonardo Manuel Marx."

5

23.     After the wire transfers were sent, defendant PARMELEY instructed co-conspirators and associates who worked with him in Mexico to pick up the fraud proceeds from the locations where the wires had been sent. These co-conspirators and associates then delivered the fraud proceeds to PARMELEY.

24.     Pursuant to an agreement with defendant PARMELEY, defendant JAMES D. LITCHFIELD purchased many items which he knew had been obtained by fraud. These items were delivered to LITCHFIELD at his business, "Big Jim's Autorama," which is located in Madison, Illinois.

25.     Defendant LITCHFIELD also provided two trucks that were used by his co-conspirators to pick up fraudulently ordered items. LITCHFIELD also occasionally provided upfront money to pay the conspiracy's expenses, including providing money for gas to the drivers.

26.     Defendant ALICE J. HEMBREE performed various jobs for the conspiracy, including keeping spreadsheets tracking the acquisitions and sales of the fraudulently ordered items, arranging some sales of those items, occasionally storing the items at her residence, and wire transferring profits of the fraud scheme to PARMELEY in Mexico. HEMBREE also permitted the trucks that were obtained from defendant LITCHFIELD for use by the conspiracy to be titled in her name.

27.     Defendant HEMBREE also opened bank accounts at Regions Bank which were used by the conspiracy. Occasionally, co-conspirators deposited profits from sales of fraudulently obtained items into these accounts. Defendant PARMELEY then withdrew funds from the accounts in Mexico using an ATM card that HEMBREE provided to him. Regions

Bank closed the accounts shortly after they were opened due to the suspicious nature of the banking activity.

28.     Defendants TONY G. ROBERTSON, STEVEN J. BELCHER, and JESSE S. URIAS frequently worked as drivers for the conspiracy. They also sold fraudulently obtained items and wired transferred fraud profits to PARMELEY in Mexico.

29.     Pursuant to agreements they had with defendant PARMELEY, defendants SEAN A. SHIELDS, RYAN P. LITCHFIELD, and SHANNAN FLORA purchased items which they knew had been obtained by fraud.

30.     Defendants RIGOBERTO GUTIERREZ and RUSSELL J. WITT received from the drivers items which they knew had been obtained by fraud, transported fraudulently obtained items, and maintained possession of those items until they could be sold.

31.     Defendants BRYCE E. ATKINSON, NICHOLAS A. BROCKMAN, and BENEDICT G. PELLERITO worked as drivers for the conspiracy.

32.     In furtherance of and as a foreseeable consequence of the conspiracy, the defendants,

**JASON J. PARMELEY,**
**ANGEL SPEED,**
**JAMES D. LITCHFIELD,**
**SEAN A. SHIELDS,**
**SHANNAN FLORA,**
**ALICE J. HEMBREE,**
**TONY G. ROBERTSON,**
**STEVEN J. BELCHER,**
**JESSIE S. URIAS,**
**RYAN P. LITCHFIELD,**
**RIGOBERTO GUTIERREZ,**
**RUSSELL J. WITT,**
**BRYCE E. ATKINSON,**
**NICHOLAS A. BROCKMAN, and**
**BENEDICT G. PELLERITO,**

for purposes of executing the scheme to defraud, knowingly caused telephone calls, e-mails, and texts to be sent in interstate and foreign commerce, including telephone calls, e-mails and texts sent from the country of Mexico to the Southern District of Illinois.

In violation of Title 18, United States Code, Section 1349.

## COUNT 2

**Conspiracy to Transport in Interstate Commerce Merchandise Taken by Fraud**
**18 U.S.C. § 371**

1.      Paragraphs 2 through 31 of Count One of this indictment are realleged here.

2.      From on or about 2012, through at least September 24, 2015, in Madison, St. Clair, and Clinton Counties, within the Southern District of Illinois, and elsewhere, the defendants,

**JASON J. PARMELEY,**
**ANGEL SPEED,**
**JAMES D. LITCHFIELD,**
**SEAN A. SHIELDS,**
**SHANNAN FLORA,**
**ALICE J. HEMBREE,**
**TONY G. ROBERTSON,**
**STEVEN J. BELCHER,**
**JESSIE S. URIAS,**
**RYAN P. LITCHFIELD,**
**RIGOBERTO GUTIERREZ,**
**RUSSELL J. WITT,**
**BRYCE E. ATKINSON,**
**NICHOLAS A. BROCKMAN, and**
**BENEDICT G. PELLERITO,**

knowingly conspired with each other, and with other persons known and unknown to the grand jury, to transport in interstate commerce merchandise having a value of $5,000 or more, which the defendants knew to have been taken by fraud, in violation of Title 18, United States Code, Section 2314.

8

3.    The object of this conspiracy was for the defendants to profit by fraudulently obtaining merchandise from retail and rental stores and then selling that merchandise.

## OVERT ACTS

4.    In furtherance of and to effect the object of the conspiracy, the defendants committed the following acts, among others, in the Southern District of Illinois:

a.    On or about May 31, 2013, defendant JASON J. PARMELEY placed a telephone call to SunBelt Rentals, located in Granite City, Illinois, and fraudulently placed a rental reservation, in the name of "Business A," for a 2006 Bobcat Skid Steer Loader;

b.    On or about May 31, 2013, defendant TONY G. ROBERTSON picked up the fraudulently ordered 2006 Bobcat Skid Steer Loader from Sunbelt Rentals, in Granite City, Illinois, and delivered that item to defendant JAMES D. LITCHFIELD at Big Jim's Autorama in Madison, Illinois;

c.    In or about July 2013, defendant TONY G. ROBERTSON picked up the fraudulently taken 2006 Bobcat Skid Steer Loader from Big Jim's Autorama in Madison, Ill, and delivered that item to defendant SEAN A. SHIELDS in Ozark, Missouri;

d.    On or about October 3, 2013, defendant JASON J. PARMELEY caused a false credit application, purportedly completed on behalf of "Business B," to be sent by facsimile to ABC Supply Company, located in Collinsville, Illinois;

e.    On or about October 3, 2013, defendant JASON J. PARMELEY caused a 2013 John Deere Skid Steer, that had been taken by fraud from Sunbelt Rentals in Cincinnati, Ohio, to be transported and delivered to defendant JAMES D. LITCHFIELD at Big Jim's Autorama in Madison, Illinois;

f.    On or about November 10, 2013, defendant STEVEN J. BELCHER transported 7 iPads, that had been taken by fraud from Rentex, Inc., in Bensenville, Illinois, through the Southern District of Illinois, en route to Wentzville, Missouri;

g.    On or about December 30, 2013, defendant NICHOLAS A. BROCKMAN transported 8 generators, a generator control panel, 2 chainsaws, a tool set, electrical cable, all of which had been taken by fraud from Lowes stores in the Chicago area, through the Southern District of Illinois, en route to Wentzville, Missouri;

9

h.  On or about May 31, 2015, defendant JASON J. PARMELEY submitted a fraudulent online order to Menards, located in O'Fallon, Illinois, in the name of "Individual A," for approximately $2,595.77 worth of home improvement items;

i.  On or about May 31, 2015, defendant BENEDICT G. PELLERITO picked up the fraudulently ordered $2,595.77 worth of home improvement items at Menards in O'Fallon, Illinois;

j.  On or about June 9, 2015, defendant BENEDICT G. PELLERITO transported a refrigerator, washer, and dryer, with a total value of approximately $3,871.50, all of which had been taken by fraud from two Menards stores in Springfield, Illinois, through the Southern District of Illinois, en route to St. Louis, Missouri;

k.  On or about June 11, 2015, defendant JASON J. PARMELEY submitted a fraudulent online order to Menards, located in O'Fallon, Illinois, in the name of "Individual A," for approximately $665 worth of paint;

l.  On or about June 11, 2015, defendant BENEDICT G. PELLERITO picked up the fraudulently ordered $665 worth of paint at Menards in O'Fallon, Illinois; and

m.  On or about June 14, 2015, defendant JASON J. PARMELEY caused defendant TONY G. ROBERTSON to transport a washer, dryer, electric mower, chainsaw, and tool kit, with a total value of approximately $2,876.99, all of which had been taken by fraud from two Menards in Southern Indiana, through the Southern District of Illinois, en route to St. Charles County, Missouri;

In violation of Title 18, United States Code, Section 371.

## COUNT 3
### Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i)

On or about February 27, 2013, in Madison County, within the Southern District of Illinois, defendants

**JASON J. PARMELEY, and**
**JAMES D. LITCHFIELD,**

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $400 from **LITCHFIELD** in Madison, Illinois, to

"Alejandro Aguilar Chamorro" in Zitacuaro, Mexico, which $400 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial transaction, and caused it to be conducted, **PARMELEY** and **LITCHFIELD** knew that the $400 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 4
### Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i)

On or about February 28, 2013, in Madison County, within the Southern District of Illinois, defendants

### JASON J. PARMELEY, and
### JAMES D. LITCHFIELD,

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $200 from **LITCHFIELD** in Madison, Illinois, to "Alejandro Aguilar Chamorro" in Toluca, Mexico, which $200 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial transaction, and caused it to be conducted, **PARMELEY** and **LITCHFIELD** knew that the $200 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(1)(B)(i).

## COUNT 5
### Money Laundering – 18 U.S.C. §  1956(a)(1)(B)(i)

On or about March 2, 2013, in Madison County, within the Southern District of Illinois, defendants

### JASON J. PARMELEY, and
### JAMES D. LITCHFIELD,

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $600 from **LITCHFIELD** in Madison, Illinois, to "Alejandro Aguilar Chamorro" in Metepec, Mexico, which $600 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial transaction, and caused it to be conducted, **PARMELEY** and **LITCHFIELD** knew that the $600 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 6
### Wire Fraud – 18 U.S.C. § 1343

1.      Paragraphs 1 through 31 of Count One of this indictment are realleged here.

2.      On or about May 31, 2013, defendant

### JASON J. PARMELEY,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce, certain signals and sounds, namely a telephone call made by **PARMELEY** in the

country of Mexico, to an employee of Sunbelt Rentals, located in Granite City, Illinois, within the Southern District of Illinois, during which **PARMELEY** fraudulently placed a rental reservation, in the name of "Business A," for a 2006 Bobcat Skid Steer Loader;

In violation of Title 18, United States Code, Section 1343.

## COUNT 7
### Interstate Transportation of Property Taken by Fraud – 18 U.S.C. § 2314

In or about July 2013, in Madison County, within the Southern District of Illinois, and elsewhere, defendants

**JASON J. PARMELEY,**
**TONY G. ROBERTSON, and**
**SEAN A. SHIELDS,**

knowingly transported, and cause to be transported, in interstate commerce, from Madison, Illinois, to Ozark, Missouri, merchandise and goods with a value of $5,000 or more, namely a 2006 Bobcat Skid Steer Loader valued at $21,318, which defendants knew had been taken by fraud;

In violation of Title 18, United States Code, Section 2314.

13

## COUNT 8
### Wire Fraud – 18 U.S.C. § 1343

1.      Paragraphs 1 through 31 of Count One of this indictment are realleged here.

2.      On or about October 3, 2013, defendant

### JASON J. PARMELEY,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce, certain signals, namely a facsimile sent from **PARMELEY** in the country of Mexico, to ABC Supply Company, located in Collinsville, Illinois, within the Southern District of Illinois, which facsimile consisted of a credit application falsely submitted on behalf of "Business B";

In violation of Title 18, United States Code, Section 1343.

## COUNT 9
### Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i)

On or about December 5, 2013, in St. Clair County, within the Southern District of Illinois, defendants

### JASON J. PARMELEY, and
### TONY G. ROBERTSON,

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $700 from **ROBERTSON** in East St. Louis, Illinois, to "Skylar Torres Dominic" in Toluca, Mexico, which $700 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial

14

transaction, and caused it to be conducted, **PARMELEY** and **ROBERTSON** knew that the $700 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

## COUNT 10
### Interstate Transportation of Property Taken by Fraud – 18 U.S.C. § 2314

On or about December 30, 2013, within the Southern District of Illinois, and elsewhere, defendants

**JASON J. PARMELEY, and**
**NICHOLAS A. BROCKMAN,**

did knowingly transport, and cause to be transported, in interstate commerce, from Cook and Lake Counties, in Illinois, through the Southern District of Illinois, to the area of Wentzville, Missouri, merchandise and goods with a value of $5,000 or more, namely 8 generators, a generator control panel, 2 chainsaws, a tool set, electrical cable, with a total value of more than $8,058.99, which defendants knew had been taken by fraud;

In violation of Title 18, United States Code, Section 2314.

## COUNT 11
### Interstate Transportation of Property Taken by Fraud – 18 U.S.C. § 2315

On or about May 14, 2014, at Madison, within the Southern District of Illinois, and elsewhere, defendant

### JAMES D. LITCHFIELD,

knowingly possessed merchandise and goods of a value, of $5,000 or more, namely a 2013 John Deere Skid Steer Loader valued at $24,000, which defendant knew had been taken by fraud, and which had crossed a state line after it had been taken by fraud;

In violation of Title 18, United States Code, Section 2315.

## COUNT 12
### Wire Fraud – 18 U.S.C. § 1343

1.      Paragraphs 1 through 31 of Count One of this indictment are realleged here.

2.      On or about May 31, 2015, defendant

### JASON J. PARMELEY,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an online order made by **PARMELEY** from the country of Mexico, to Menards, located in O'Fallon, Illinois, within the Southern District of Illinois, in which **PARMELEY** fraudulently ordered approximately $2,595.77 worth of home improvement items;

In violation of Title 18, United States Code, Section 1343.

## COUNT 13
### Aggravated Identity Theft – 18 U.S.C. § 1028A

On or about May 31, 2015, at O'Fallon, Illinois, within the Southern District of Illinois and elsewhere, defendant

### JASON J. PARMELEY,

knowingly possessed and used, without lawful authority, a means of identification of another person, namely the name of Individual A, during and in relation to the wire fraud offense described in Count 12 of this Indictment;

In violation of Title 18, United States Code, Section 1028A.

## COUNT 14
### Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i)

On or about June 5, 2015, in Madison County, within the Southern District of Illinois, defendants

### JASON J. PARMELEY,
### ANGEL SPEED, and
### BENEDICT G. PELLERITO,

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $175 from **PELLERITO** in Madison, Illinois, to "Leonardo Manuel Marx" in Tijuana, Mexico, which $175 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial transaction, and caused it to be conducted, **PARMELEY, SPEED,** and **PELLERITO** knew that the $175 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

17

## COUNT 15
### Money Laundering – 18 U.S.C. § 1956(a)(1)(B)(i)

On or about June 10, 2015, in Madison County, within the Southern District of Illinois, defendants

### JASON J. PARMELEY,
### ANGEL SPEED, and
### BENEDICT G. PELLERITO,

knowingly conducted, and caused to be conducted, a financial transaction affecting foreign commerce, namely a wire transfer of $142 from **PELLERITO** in Madison, Illinois, to "Leonardo Manuel Marx" in Tijuana, Mexico, which $142 involved the proceeds of a specified unlawful activity, namely the scheme to defraud described in Count One, knowing that the transaction was designed in whole and in part to conceal and disguise the ownership and control of the proceeds of that specified unlawful activity and that while they conducted this financial transaction, and caused it to be conducted, **PARMELEY, SPEED,** and **PELLERITO** knew that the $142 represented the proceeds of some form of unlawful activity;

In violation of Title 18, United States Code, Section 1956(a)(1)(B)(i).

### COUNT 16
### Wire Fraud – 18 U.S.C. § 1343

1. Paragraphs 1 through 31 of Count One of this indictment are realleged here.

2. On or about June 11, 2015, defendant

### JASON J. PARMELEY,

for the purpose of executing the scheme to defraud described in Count One, and attempting to do so, knowingly did cause to be transmitted by means of a wire communication in interstate commerce, certain signals, namely an online order made by **PARMELEY** from the country of

Mexico, to Menards, located in O'Fallon, Illinois, within the Southern District of Illinois, in which **PARMELEY** fraudulently ordered approximately $717.71 worth of paint;

In violation of Title 18, United States Code, Section 1343.

## COUNT 17
### Aggravated Identity Theft – 18 U.S.C. § 1028A

On or about June 11, 2015, at O'Fallon, Illinois, within the Southern District of Illinois and elsewhere, defendant

### JASON J. PARMELEY,

knowingly possessed and used, without lawful authority, a means of identification of another person, namely the name of Individual B, during and in relation to the wire fraud offense described in Count 16 of this Indictment,

In violation of Title 18, United States Code, Section 1028A.

## FORFEITURE ALLEGATION

1.      As a result of the commission of the violations alleged in Counts 1, 6, 8, 12 and 16 of this Indictment,

**JASON J. PARMELEY,**
**ANGEL SPEED,**
**JAMES D. LITCHFIELD,**
**SEAN A. SHIELDS,**
**SHANNAN FLORA,**
**ALICE J. HEMBREE,**
**TONY G. ROBERTSON,**
**STEVEN J. BELCHER,**
**JESSIE S. URIAS,**
**SEAN A. SHIELDS,**
**RYAN P. LITCHFIELD,**
**RIGOBERTO GUTIERREZ,**
**RUSSELL J. WITT,**

19

**BRYCE E. ATKINSON,**
**NICHOLAS A. BROCKMAN, and**
**BENEDICT G. PELLERITO,**

defendants herein, shall forfeit to the United States, pursuant to Title 18, United States Code, Section 981(a)(1)(C), Title 21, United States Code, Section 853, and Title 28, United States Code, Section 2461(c), (1) any property which constitutes or is derived from proceeds the defendants obtained directly or indirectly as result of the criminal violations; and (2) any of the defendants' property used, or intended to be used, in any manner to facilitate the commission of the criminal violations.

**A TRUE BILL**

STEPHEN R. WIGGINTON
United States Attorney

SCOTT A. VERSEMAN
Assistant United States Attorney

Recommended bond:     Jason J. Parmeley:  Detention /
                      Remaining Defendants:  $10,000 unsecured

20